# EXHIBIT A

# IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| JODIE HANSEN,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON and COMPANY, and BRIAN GADOWSKI,<br><br>Defendants. | CASE No. LACV084807<br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANTS:

      You are notified that a petition has been filed electronically in the office of the clerk of this court naming you as the defendants in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorneys for the Plaintiffs are Roxanne Conlin and Tyler Adams of Roxanne Conlin & Associates, P.C., 3721 SW 61st Street, Suite C, Des Moines, IA 50321-2418. The attorneys' phone number is 515-283-1111; facsimile number 515-282-0477.

      Johnson County is an e-filing county. Please refer to Chapter 16 of the Iowa Rules of Court and specifically Division VI of Chapter 16 regarding the protection of personal and confidential information. You must serve a motion or answer within 20 days after the service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Johnson County, at the county courthouse in Iowa City, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

      If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

                                                      _____<br>
                                                      JOHNSON COUNTY CLERK OF COURT<br>
                                                                      Johnson County<br>
                                                                      417 S Clinton St.<br>
                                                                   Iowa City, IA 52240

**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS**

1

# Iowa Judicial Branch

Case No. **LACV084807**
County **Johnson**

Case Title   J HANSEN V. BECTON, DICKINSON AND COMPANY, ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*



If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 398-3920** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued **11/07/2023 01:59:16 PM**



District Clerk of Court or/by Clerk's Designee of   Johnson   County
**/s/ Mark Stimmel**

# IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| JODIE HANSEN,<br><br>      Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON and COMPANY, and BRIAN GADOWSKI,<br><br>      Defendants. | CASE NO. LACV084807<br><br><br>PETITION AT LAW AND JURY DEMAND |

COMES NOW Plaintiff in the above-entitled case, by and through counsel Roxanne Conlin and Associates, P.C., and for their causes of action states as follows:

## INTRODUCTION

1. This is an action under and pursuant to the Iowa Civil Rights Act, Iowa Code Chapter 216.

2. Under the Iowa Civil Rights Act, Plaintiff is protected from discriminatory practices based on her sex.

## PROCEDURAL REQUIREMENTS

3. Plaintiff filed her sex discrimination complaint with the Iowa Civil Rights Commission on October 18, 2021, within the 300-day limitations period from the last discriminatory act alleged.

1

4.     On August 16, 2023, less than ninety days prior to the filing of this Petition, the Iowa Civil Rights Commission issued a Right-to-Sue Letter.

## JURISDICTION AND VENUE

5.     The unlawful actions alleged herein were committed in Johnson County, Iowa.

6.     Venue is properly laid in this judicial district pursuant to Iowa Code § 616.17 and 616.18, in that one or more Defendants reside in Johnson County, Iowa.

7.     The amount in controversy exceeds $6,500.00, thus jurisdiction is proper pursuant to Iowa Code § 602.6101.

## PARTIES

8.     At all times material hereto, Plaintiff Jodie Hansen was a citizen and resident of Johnson County, Iowa, and was employed by Defendants.

9.     At all times material hereto, Defendant Becton, Dickenson, and Company ("BD") was a duly incorporated entity conducting business within and having sufficient minimum contacts within Johnson County, Iowa.

10.    At all times material hereto, Defendant Brian Gadowski was a citizen and resident of Fort Mill, York County, South Carolina, and at all times material hereto, was Great Plains Regional Manager of Defendant BD.

## FACTS

11.    Plaintiff Hansen began her career working for Defendant BD in 2016 as Territory Business Manager.

12.    In October 2019, there was a company merger between Defendant BD and Bard, resulting in Plaintiff being assigned a new direct supervisor, Defendant Gadowski, and gaining three new team members. All four came from Bard.

2

13. Defendant Gadowski took the position in October 2019, and by December 2019, half of the employees in the department had quit due to Defendant Gadowski's conduct in the workplace.

14. All of the employees that quit were women.

15. Defendant Gadowski provided two males on the team relief for their sales quota, and such relief was not extended to women on the team under the same circumstances.

16. Women working under Defendant Gadowski were repeatedly and consistently denied leadership positions within Defendant BD for which they were qualified in favor of two male coworkers.

17. Plaintiff Hansen previously held the additional position of Field Sales Trainer before the company merger but was subsequently denied the position after the merger in favor of one of the males from Bard.

18. Plaintiff Hansen volunteered to become a product lead on a product she directly oversaw before the merger, but one of the males from Bard was given the position in her stead.

19. Plaintiff Hansen asked for the role of Team Lead during the weekly conference calls but was denied. It was given to the two males from Bard.

20. During August of 2020, Plaintiff Hansen presented one bundle consisting of eight boxes of product to a customer for a sales pitch. In the days following the pitch, while the customer was in the process of contemplating the purchase, Plaintiff went on vacation.

21. While she was on vacation, Defendant Gadowski reached out to the customer and stressed the approaching end of the fiscal year, and insisted the purchase had to be made before then. The customer then placed an order for one bundle as Plaintiff had demonstrated.

Defendant Gadowski placed an order instead for three bundles, tripling the order.

22. Plaintiff Hansen returned from vacation to see the tripled order amount, and asked Defendant Gadowski about the discrepancy. Defendant Gadowski assured her the amount was correct, and the customer had opted to go for three bundles. Plaintiff Hansen knew that they were previous customers of Defendant Gadowski as he was the customer's sales representative before Plaintiff Hansen replaced him, so she trusted his decisions on how to navigate the sale.

23. In September of 2020, after the shipment of three bundles arrived, the customer called Plaintiff Hansen to report the overage and request a return. The customer also informed Plaintiff Hansen that they had previously had a similar overage of product issue they were now experiencing again with Defendant Gadowski.

24. Defendant Gadowski, instead of properly processing the return, instructed Plaintiff Hansen to "buy some time" as he believed the customer would surely run out of the first bundle and begin to use the overaged amount of stock and purchase it anyway. Plaintiff Hansen did not have the permission or the knowledge to conduct the return herself. Only Defendant Gadowski could do that.

25. In December of 2020, the customer was still requesting to have the overages picked up and removed. Defendant Gadowski again told Plaintiff Hansen to "stall", as he was sure they would use the product. Defendant Gadowski continued to refuse to process the return for the product.

26. When Plaintiff Hansen brought her concerns about processing the return to another male on her team, Collin Olson, he informed Plaintiff Hansen that this is typical for Defendant Gadowski to delays returns, and confirmed Plaintiff Hansen needed Defendant

Gadowski's authorization to complete the return.

27. In January of 2021, the customer yet again reached out to Plaintiff Hansen to ask for the extra product to be picked up and a return processed. Plaintiff took it upon herself to go pick up the extra product, return it, and sought to learn how to complete the return through other means, as Defendant Gadowski was still refusing to do so.

28. During the month of January, Defendant Gadowski also scheduled a Field Visit, which is a status and performance check in and assessment. Plaintiff met with Defendant Gadowski in Coralville, Iowa, on the night of Wednesday, January 13th for her review.

29. A few days later, Plaintiff Hansen received not only the first negative review during her entire employment, but it was the first time she was ever sent a field review follow-up generally.

30. The field review was fraught with inaccuracies. The field report listed that Defendant Gadowski had visited Plaintiff Hansen for three days, January 12th through January 14th. Plaintiff Hansen was in Des Moines, IA from January 11th until she arrived in Coralville, IA the night of the 13th to meet with Defendant Gadowski, where they only met for the night and did not interact again during Defendant's visit to Iowa.

31. The field visit summary falsely purported to be two and a half days of observation and meeting time, but Defendant Gadowski was not with Plaintiff Hansen, and Defendant Gadowski's observations and critical opinions of her performance were based partly on time he never spent with her.

32. Plaintiff Hansen succeeded in picking up the extra product herself and finding a means to begin the return process for the customer, but the customer had not received any

5

credit for it by mid-February 2021. The customer called Plaintiff Hansen, demanding credit for their return and the overage, or else they would close their account and no longer buy products from Defendant BD.

33. Plaintiff Hansen, knowing the significance of the customer's account to Defendant BD, immediately reached out to Defendant Gadowski to report the customer's overwhelming displeasure and expedite their return. Defendant Gadowski instructed Plaintiff Hansen to have the customer contact him, and they would talk and sort it out.

34. Soon after Plaintiff Hansen placed the customer and Defendant Gadowski in contact, she received a call from the customer, who called to deliver a warning. The customer had multiple phone calls with Defendant Gadowski, and informed Plaintiff Hansen that Defendant Gadowski blamed her for all of the delays and problems the customer had been experiencing.

35. Defendant Gadowski had falsely informed the customer over the calls that Plaintiff Hansen was the one who tripled their original order amount and was the only one who could process the return as a result.

36. The customer went on to explain that Defendant Gadowski planned to throw her under the bus for the entire situation despite her working diligently for months to try and process the return. The customer told Plaintiff that Defendant Gadowski placed the blame on Plaintiff for everything, from the initial tripled order, down to the delay in returning credit, and Defendant Gadowski was going to punish her for it.

37. Alarmed by the false accusation, Plaintiff Hansen called the Ethics/Compliance Hotline for Defendant BD and reported Defendant Gadowski's unethical and threatening behavior on February 23rd, 2021.

38. On March 16th, 2021, Plaintiff Hansen noticed she was being removed from emails that she was supposed to be part of, even including the email conversation regarding processing the return for the customer who had their order tripled by Defendant Gadowski. Defendant Gadowski did not speak with Plaintiff directly again until she was terminated four months later, despite being her direct supervisor.

39. On May 12th, Plaintiff Hansen heard back from the Ethics/Compliance Hotline for Defendant BD for the first time since making her complaint. They asked Plaintiff if she felt she was being retaliated against, to which she responded "Yes."

40. On July 6th, 2021, Plaintiff Hansen was fired over the phone by the Western Area Vice President Georganne Bernstine and the HR representative, Shannon Smits, for Defendant BD. Their cited reason for termination was "unprofessional behavior."

41. Plaintiff Jodie never received full compensation for her unused vacation days, and never received her final two months of commission, despite being told over the phone while she was being fired that she would.

**COUNT I – VIOLATION OF IOWA CHAPTER 216: DISCRIMINATION ON THE BASIS OF SEX, AGE, AND RETALIATION**

42. Plaintiff is a woman, and as such is a member of a protected class under Iowa Civil Rights Act, Iowa Code Chapter 216.

43. Defendants discriminated against Plaintiff with respect to her employment as set forth above, in violation of Iowa Code Chapter 216.6.

44. Defendants refused to give Plaintiff equal consideration for positions based on her sex and age in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216.

45. Plaintiff's sex and age were motivating factors in the discrimination.

E-FILED  2023 NOV 07 10:55 AM JOHNSON - CLERK OF DISTRICT COURT

46. Plaintiff made a complaint to Defendants regarding the sex and age discrimination she was experiencing.

47. Defendants, nonetheless, continued their discrimination against Plaintiff because of her age and gender.

48. Defendants retaliated against Plaintiff after she made the complaint through various means, including but not limited to excluding Plaintiff from important e-mail conversation threads, Defendant Gadowski refusing to speak to her directly, and termination of her employment.

49. Defendants' violations of Iowa Code Chapter 216 were a cause of the injuries and damages suffered by Plaintiff.

50. Through the doctrine of respondeat superior, Defendant BD is legally liable for any and all damages proximately caused to Plaintiff by and through the conduct of Defendant Gadowski.

51. As a result of the Defendants' actions, Plaintiff suffered, and will continue to suffer, mental and emotional harm and anguish, anxiety, and has in the past and will in the future, suffer loss of wages, benefits, and other emoluments of employment.

WHEREFORE, Plaintiff prays for the following relief:

a) The Defendants' conduct be declared to be in violation of Plaintiff's rights under and pursuant to Iowa Code Chapter 216;

b) Defendants and their officers, employees, agents, attorneys, successors and assigns, and those acting in concert therewith, be permanently enjoined from any conduct violating Plaintiff's rights, or the right of others similarly situated, as secured by Chapter 216 of the Iowa Code, and that the Court order such other injunctive relief as necessary to

prevent the Defendants from continuing their discriminatory practices and to protect others similarly situated;

        c)      Plaintiff be awarded compensatory damages;

        d)      That Plaintiff be made whole by providing her appropriate lost earnings and benefits with pre-judgment interest and other affirmative relief;

        e)      That Plaintiff be made whole by providing her compensation for past and future mental and emotional harm and anguish, and affirmative relief;

        f)      Plaintiff be awarded reasonable attorney's fees and costs incurred in prosecuting this action; and

        g)      That Plaintiff be awarded such additional and further relief as is just and proper.

## JURY DEMAND

COMES NOW, Plaintiff Jodie Hansen, by and through counsel, and hereby demands a trial by jury in this matter.

        */s/ Roxanne Conlin*
        ROXANNE CONLIN AT0001642
        TYLER ADAMS AT0014549
        ROXANNE CONLIN & ASSOCIATES, P.C.
        3721 SW 61st Street, Suite C Des Moines, IA 50321-2418
        Phone: (515) 283-1111; Fax: (515) 282-0477
        Email: roxanne@roxanneconlinlaw.com
                tadams@roxanneconlinlaw.com
        cc: dpalmer@roxanneconlinlaw.com
        ATTORNEYS FOR PLAINTIFF

## IN THE IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| JODIE HANSEN,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON and COMPANY, and BRIAN GADOWSKI,<br><br>Defendants. | CASE NO. LACV084807<br><br>**ACCEPTANCE OF SERVICE** |

I, Brent Kettelkamp, do hereby state that I have full authority to accept service of process on behalf of all Defendants, that I have received a copy of the Original Notice and Petition at Law and Jury Demand, and I hereby accept and acknowledge due and legal service of these documents on Defendants Becton, Dickinson, and Company and Brian Gadowski's behalf.

Dated this 27th day of November, 2023

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.**

<u>/s/ Brent D. Kettelkamp</u>
Brent D. Kettelkamp, AT0014305
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Phone:  612.336.6850
brent.kettelkamp@ogletreedeakins.com
***Attorney for Defendants***

Filed electronically with copy via EDMS to:

ROXANNE CONLIN
TYLER ADAMS
ROXANNE CONLIN & ASSOCIATES, P.C.
Email:  roxanne@roxanneconlinlaw.com,
           tadams@roxanneconlinlaw.com,
cc:      dpalmer@roxanneconlinlaw.com

ATTORNEYS FOR PLAINTIFF